

1  BENJAMIN B. WAGNER
   United States Attorney
2  CAROLYN K. DELANEY
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2798

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

   UNITED STATES OF AMERICA,        )   CASE NO.   10-424 WBS
11                                   )
                   Plaintiff,        )
12                                   )
   v.                                )
13                                   )   **PLEA AGREEMENT**
   MARIO LONDELL BOYD,               )
14                                   )
                   Defendant.        )
15                                   )
                                     )
16  _____  )

17

18                            I.

19                       **INTRODUCTION**

20      **A.  Scope of Agreement**:  The Superseding Information in this

21  case charges the defendant with Interstate Transportation of an

22  Individual under the Age of 18 with Intent to Engage in Criminal

23  Sexual Activity in violation of Title 18, United States Code, Section

24  2423(a).  This document contains the complete plea agreement between

25  the United States Attorney's Office for the Eastern District of

26  California (the "government") and the defendant regarding this case.

27  This plea agreement is limited to the United States Attorney's Office

28  for the Eastern District of California and cannot bind any other

Plea Agreement 6/8/11                   1

1  federal, state, or local prosecuting, administrative, or regulatory
2  authorities.

3  **B.  Court Not a Party:**  The Court is not a party to this plea
4  agreement.  Sentencing is a matter solely within the discretion of
5  the Court, the Court is under no obligation to accept any
6  recommendations made by the government, and the Court may in its
7  discretion impose any sentence it deems appropriate up to and
8  including the statutory maximum stated in this plea agreement.  If
9  the Court should impose any sentence up to the maximum established by
10  the statute, the defendant cannot, for that reason alone, withdraw
11  his guilty plea, and he will remain bound to fulfill all of the
12  obligations under this plea agreement.  The defendant understands
13  that neither the prosecutor, defense counsel, nor the Court can make
14  a binding prediction or promise regarding the sentence he will
15  receive.

16                              **II.**

17                    **DEFENDANT'S OBLIGATIONS**

18      **A.  Guilty Plea:**  The defendant will plead guilty to Interstate
19  Transportation of an Individual under the Age of 18 with Intent to
20  Engage in Criminal Sexual Activity in violation of Title 18, United
21  States Code, Section 2423(a).  The defendant agrees that he is in
22  fact guilty of this charge and that the facts set forth in the
23  Factual Basis For Plea attached hereto as Exhibit A are accurate.

24      **1.  Waiver of Indictment:**  The defendant agrees that, at
25  the entry of plea proceeding, he will sign a written waiver of
26  prosecution by indictment and consent to proceed by information
27  rather than by indictment.

28      **B.  Restitution:**  The Mandatory Victim Restitution Act requires

Plea Agreement 6/8/11                    2

1   the Court to order restitution to the victims of certain offenses.
2   The defendant agrees  that the Court may order full restitution to
3   any person who would qualify as a victim of the following offenses
4   under 18 U.S.C. § 3663 or 3663A had the defendant been convicted of
5   such an offense: 18 U.S.C. § 1591(a)(1). The defendant further agrees
6   that he will not seek to discharge any restitution obligation or any
7   part of such obligation in any bankruptcy proceeding.

8        C.  **Special Assessment:**  The defendant agrees to pay a special
9   assessment of $100 at the time of sentencing by delivering a check or
10  money order payable to the United States District Court to the United
11  States Probation Office immediately before the sentencing hearing.
12  If the defendant is unable to pay the special assessment at the time
13  of sentencing, he agrees to earn the money to pay the assessment, if
14  necessary by participating in the Inmate Financial Responsibility
15  Program.

16       D.  **Agreement to Cooperate:**  The defendant agrees to
17  cooperate fully with the government and any other federal, state, or
18  local law enforcement agency, as directed by the government.  As used
19  in this plea agreement, "cooperation" requires the defendant:  (1) to
20  respond truthfully and completely to all questions, whether in
21  interviews, in correspondence, telephone conversations, before a
22  grand jury, or at any trial or other court proceeding; (2) to attend
23  all meetings, grand jury sessions, trials, and other proceedings at
24  which the defendant's presence is requested by the government or
25  compelled by subpoena or court order; (3) to produce voluntarily any
26  and all documents, records, or other tangible evidence requested by
27  the government; (4) not to participate in any criminal activity while
28  cooperating with the government; and (5) to disclose to the

Plea Agreement 6/8/11                              3

1  government the existence and status of all money, property, or
2  assets, of any kind, derived from or acquired as a result of, or used
3  to facilitate the commission of, the defendant's illegal activities
4  or the illegal activities of any conspirators.

5      If the defendant commits any crimes or if any of the defendant's
6  statements or testimony prove to be knowingly false, misleading, or
7  materially incomplete, or if the defendant otherwise violates this
8  plea agreement in any way, the government will no longer be bound by
9  its representations to the defendant concerning the limits on
10  criminal prosecution and sentencing as set forth herein.  The
11  determination whether the defendant has violated the plea agreement
12  will be under a probable cause standard.  If the defendant violates
13  the plea agreement, he shall thereafter be subject to prosecution for
14  any federal criminal violation of which the government has knowledge,
15  including but not limited to perjury, false statements, and
16  obstruction of justice.  Because disclosures pursuant to this plea
17  agreement will constitute a waiver of the Fifth Amendment privilege
18  against compulsory self-incrimination, any such prosecution may be
19  premised on statements and/or information provided by the defendant.
20  Moreover, any prosecutions that are not time-barred by the applicable
21  statute of limitations as of the date of this plea agreement may be
22  commenced in accordance with this paragraph, notwithstanding the
23  expiration of the statute of limitations between the signing of this
24  plea agreement and the commencement of any such prosecutions.  The
25  defendant agrees to waive all defenses based on the statute of
26  limitations or delay of prosecution with respect to any prosecutions
27  that are not time-barred as of the date of this plea agreement.

28      If it is determined that the defendant has violated any

Plea Agreement 6/8/11                    4

1   provision of this plea agreement or if the defendant successfully
2   moves to withdraw his plea:   (1) all statements made by the defendant
3   to the government or other designated law enforcement agents, or any
4   testimony given by the defendant before a grand jury or other
5   tribunal, whether before or after this plea agreement, shall be
6   admissible in evidence in any criminal, civil, or administrative
7   proceedings hereafter brought against the defendant; and (2) the
8   defendant shall assert no claim under the United States Constitution,
9   any statute, Rule 11(f) of the Federal Rules of Criminal Procedure,
10  Rule 410 of the Federal Rules of Evidence, or any other federal rule,
11  that statements made by the defendant before or after this plea
12  agreement, or any leads derived therefrom, should be suppressed.   By
13  signing this plea agreement, the defendant waives any and all rights
14  in the foregoing respects.

### III.

### THE GOVERNMENT'S OBLIGATIONS

17   **A.   Dismissals:**   The government agrees to move, at the time of
18  sentencing, to dismiss without prejudice the pending Indictment.   The
19  government also agrees not to reinstate any dismissed count except as
20  provided in paragraphs II. E. and VII. B. above.

21   **B.   Recommendations:**

22   **1.   Acceptance of Responsibility:**   If the United States
23  Probation Office determines that a three-level reduction in the
24  defendant's offense level for his full and clear demonstration of
25  acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1,
26  the government will not oppose such a reduction and will so move
27  under § 3E1.1(b), so long as the defendant pleads guilty, meets with
28  and assists the probation officer in the preparation of the pre-

Plea Agreement 6/8/11                          5

1 | sentence report, is truthful and candid with the probation officer,
2 | and does not otherwise engage in conduct that constitutes obstruction
3 | of justice within the meaning of U.S.S.G § 3C1.1, either in the
4 | preparation of the pre-sentence report or during the sentencing
5 | proceeding.

6 |     **2.** **Reduction of Sentence for Cooperation:** The government
7 | agrees to recommend at the time of sentencing that the defendant's
8 | sentence of imprisonment be reduced by up to 50% of the applicable
9 | guideline sentence if he provides substantial assistance to the
10 | government, pursuant to U.S.S.G. § 5K1.1. The defendant understands
11 | that he must comply with paragraph II. C. above. The defendant
12 | understands that it is within the sole and exclusive discretion of
13 | the government to determine whether the defendant has provided
14 | substantial assistance. The defendant understands that the
15 | government may recommend a reduction in his sentence of less than 50%
16 | or no reduction at all, depending upon the level of assistance the
17 | government determines that the defendant has provided. If the
18 | government's recommended reduction pursuant to § 5K1.1 is for a
19 | sentence below the statutory mandatory minimum, the government will
20 | also move the Court for a reduction below that minimum term, pursuant
21 | to 18 U.S.C. § 3553(e). The defendant further understands that a
22 | motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is
23 | not binding on the Court, that this plea agreement confers no right
24 | upon the defendant to require that the government make a § 5K1.1
25 | motion, and that this plea agreement confers no remedy upon the
26 | defendant in the event that the government declines to make a § 5K1.1
27 | motion. In particular, the defendant agrees not to try to file a
28 | motion to withdraw his plea based on the fact that the government

1  decides not to recommend a sentence reduction or recommends a
2  sentence reduction less than the defendant thinks is appropriate.

3      If the government determines that the defendant has provided
4  further cooperation within one year following his sentencing, the
5  government may move for a further reduction of his sentence pursuant
6  to Rule 35 of the Federal Rules of Criminal Procedure.

7      **C.   Limitation on Use of Information for Sentencing:**   Other than
8  as set forth above, the government agrees that any incriminating
9  information provided by the defendant during his cooperation will not
10  be used in determining the applicable guideline range, pursuant to
11  U.S.S.G. § 1B1.8.

12                              **IV.**

13                    **ELEMENTS OF THE OFFENSE**

14      **A.   Elements of the Offense:**   At a trial, the government would
15  have to prove beyond a reasonable doubt the following elements of the
16  offense(s) to which the defendant is pleading guilty, Interstate
17  Transportation of an Individual under the Age of 18 with Intent to
18  Engage in Criminal Sexual Activity:

19          **1.   First, the defendant transported the victim, known as**
20              **"B.H," from California to Nevada;**
21          **2.   Second, the defendant did so with the intent that**
22              **"B.H." engage in prostitution; and**
23          **3.   Third, "B.H." was under the age of eighteen years at**
24              **the time.**

25      Under an aiding and abetting theory, the government would be
26  required to prove beyond a reasonable doubt that:

27          **1.   First, the underlying crime of Interstate**
28              **Transportation of an Individual under the Age of 18**

with Intent to Engage in Criminal Sexual Activity was
committed by someone;

2.    Second, the defendant knowingly and intentionally
aided, counseled, commanded, induced or procured that
person to commit the crime charged; and

3.    Third, the defendant acted before the crime was
completed.

## V.

### MAXIMUM SENTENCE

A.   **Maximum Penalty**: The maximum sentence that the Court can
impose is a lifetime term of incarceration, a fine of $250,000, a
lifetime term of supervised release, and a special assessment of
$100.

B.   **Minimum Penalty**: The minimum sentence that the Court must
impose is 10 years in prison. The Court must also impose 5 years of
supervised release.

C.   **Violations of Supervised Release**: The defendant understands
that if he violates a condition of supervised release at any time
during the term of supervised release, the Court may revoke the term
of supervised release and require the defendant to serve up to 5
additional years imprisonment.

## VI.

### SENTENCING DETERMINATION

A.   **Statutory Authority**:  The defendant understands that the
Court must consult the Federal Sentencing Guidelines (as promulgated
by the Sentencing Commission pursuant to the Sentencing Reform Act of
1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as
modified by United States v. Booker and United States v. Fanfan,

543 U.S. 220 (VI), 125 S.Ct. 738 (2005)) and must take them into
account when determining a final sentence.  The defendant understands
that the Court will determine a non-binding and advisory guideline
sentencing range for this case pursuant to the Sentencing Guidelines.
The defendant further understands that the Court will consider whether
there is a basis for departure from the guideline sentencing range
(either above or below the guideline sentencing range) because there
exists an aggravating or mitigating circumstance of a kind, or to a
degree, not adequately taken into consideration by the Sentencing
Commission in formulating the Guidelines.  The defendant further
understands that the Court, after consultation and consideration of
the Sentencing Guidelines, must impose a sentence that is reasonable
in light of the factors set forth in 18 U.S.C. § 3553(a).

     **B.   Stipulations Affecting Guidelines Calculation:**  The
government and the defendant agree that there is no material dispute
as to the following sentencing guidelines variables and therefore
stipulate to the following:

          1.   **Base Offense Level:** U.S.S.G. §2G1.3(a)(3): 28

          2.   **Use of a Computer:** U.S.S.G. §2G1.3(b)(3): +2

          3.   **Sexual Contact:** U.S.S.G. §2G1.3(b)(4): +2

          4.   **Adjusted Offense Level:** 32

          5.   **Departures or Other Enhancements or Reductions:** The
defendant specifically reserves the right to seek or argue in support
of any other specific offense characteristics and/or Chapter Three
adjustments that he believes might be appropriate, and the government
reserves the right to oppose his arguments.  Both parties reserve the
right to move for, or argue in support of, any departure from the
Sentencing Guidelines, or any deviance or variance from the Sentencing

Plea Agreement 6/8/11                    9

1 | Guidelines under <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738
2 | (2005).

3 | ## VII.

4 | ## WAIVERS

5 | **A.   Waiver of Constitutional Rights:**   The defendant understands
6 | that by pleading guilty he is waiving the following constitutional
7 | rights:   (a) to plead not guilty and to persist in that plea if
8 | already made; (b) to be tried by a jury; (c) to be assisted at trial
9 | by an attorney, who would be appointed if necessary; (d) to subpoena
10 | witnesses to testify on his behalf; (e) to confront and cross-examine
11 | witnesses against him; and (f) not to be compelled to incriminate
12 | himself.

13 | **B.   Waiver of Appeal and Collateral Attack:**   The defendant
14 | understands that the law gives him a right to appeal his conviction
15 | and sentence.   He agrees as part of his plea, however, to give up the
16 | right to appeal the conviction and the right to appeal any aspect of
17 | the sentence imposed in this case so long as his sentence is no longer
18 | than the top of the Sentencing Guidelines range determined by the
19 | Court consistent with the stipulations set forth above about the
20 | Sentencing Guidelines variables.   He specifically gives up his right
21 | to appeal any order of restitution the Court may impose.

22 | Regardless of the sentence he receives, the defendant also gives
23 | up any right he may have to bring a post-appeal attack on his
24 | conviction or his sentence.   He specifically agrees not to file a
25 | motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or
26 | sentence.

27 | Notwithstanding the agreement in paragraph III. A. above that the
28 | government will move to dismiss counts against the defendant, if the

Plea Agreement 6/8/11                          10

1  defendant ever attempts to vacate his plea, dismiss the underlying
2  charges, or reduce or set aside his sentence on any of the counts to
3  which he is pleading guilty, the government shall have the right (1)
4  to prosecute the defendant on any of the counts to which he pleaded
5  guilty; (2) to reinstate any counts that may be dismissed pursuant to
6  this plea agreement; and (3) to file any new charges that would
7  otherwise be barred by this plea agreement.  The decision to pursue
8  any or all of these options is solely in the discretion of the United
9  States Attorney's Office.  By signing this plea agreement, the
10  defendant agrees to waive any objections, motions, and defenses he
11  might have to the government's decision.  In particular, he agrees not
12  to raise any objections based on the passage of time with respect to
13  such counts including, but not limited to, any statutes of limitation
14  or any objections based on the Speedy Trial Act or the Speedy Trial
15  Clause of the Sixth Amendment.

16  **C.  Waiver of Attorneys' Fees and Costs:**  The defendant agrees to
17  waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119
18  (Nov. 26, 1997), to recover attorneys' fees or other litigation
19  expenses in connection with the investigation and prosecution of all
20  charges in the above-captioned matter and of any related allegations
21  (including without limitation any charges to be dismissed pursuant to
22  this plea agreement and any charges previously dismissed).

23  **D.  Sex Offender Registration:**  The defendant understands that by
24  pleading guilty, he will be required to register as a sex offender
25  upon his release from prison as a condition of supervised release
26  pursuant to 18 U.S.C. § 3583(d).  The defendant also understands that
27  independent of supervised release, he will be subject to federal and
28  state sex offender registration requirements, and that those

Plea Agreement 6/8/11                    11

1   requirements may apply throughout he life.  The defendant understands
2   that he shall keep his registration current, shall notify the state
3   sex offender registration agency or agencies of any changes to
4   defendant's name, place of residence, employment, or student status,
5   or other relevant information.  The defendant shall comply with
6   requirements to periodically verify in person his sex offender
7   registration information.  The defendant understands that he will be
8   subject to possible federal and state penalties for failure to comply
9   with any such sex offender registration requirements.  The defendant
10  further understands that, under 18 U.S.C. § 4042(c), notice will be
11  provided to certain law enforcement agencies upon his release from
12  confinement following conviction.  As a condition of supervised
13  release, the defendant shall initially register with the state sex
14  offender registration in California, and shall also register with the
15  state sex offender registration agency in any state where defendant
16  resides, is employed, works, or is a student, as directed by the
17  Probation Officer.  The defendant shall comply with all requirements
18  of federal and state sex offender registration laws, including the
19  requirement to update his registration information. The defendant
20  shall provide proof of registration to the Probation Officer within 72
21  hours of release from imprisonment.

22                              VIII.

23                     ENTIRE PLEA AGREEMENT

24       Other than this plea agreement, no agreement, understanding,
25  promise, or condition between the government and the defendant exists,
26  nor will such agreement, understanding, promise, or condition exist
27  unless it is committed to writing and signed by the defendant, counsel
28  for the defendant, and counsel for the United States.

Plea Agreement 6/8/11                12

IX.

APPROVALS AND SIGNATURES

**A. Defense Counsel:** I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

DATED: _6/13/11_                     _____
                                     CHRIS COSCA
                                     Attorney for Defendant

**B. Defendant:** I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: _6/13/11_                     _____
                                     MARIO LONDELL BOYD, Defendant

**C. Attorney for United States:** I accept and agree to this plea agreement on behalf of the government.

DATED: _6/13/11_                     BENJAMIN B. WAGNER
                                     United States Attorney

                                     By: _____
                                     CAROLYN K. DELANEY
                                     Assistant U.S. Attorney

Plea Agreement 6/8/11                      13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT "A"

## Factual Basis for Plea

On December 13, 2009, the Sacramento Crime Against Children Task Force received a lead about a 16 year old girl who was posted on Myredbook.com.  Agents got a photo of the girl, later identified as "B.H.," and learned that she was a missing juvenile.  Checking Myredbook.com, agents founds two postings with the girl, one posted on December 10, 2009, and the second on December 15, 2009.  Both postings included sexually explicit photos, and offered companionship with the girl identified in the posts as "tinabangsxxx."

On December 15, 2009, an undercover detective called and made a date with "Tina." He was directed to a hotel in Natomas, where he met "Tina" (really 16 year old "B.H.") in a room. After "B.H." agreed to provide sex for money, agents arrested her. Agents learned that defendant Evon had rented the room.  Shortly thereafter surveillance agents saw a red Monte Carlo with a woman meeting Evon's description pull into the parking lot.  Agents discovered that the car was being driven by defendant Warren, with Evon in the front seat and defendant Boyd in the back seat.

Investigation revealed that "B.H." met Warren in November, 2009, near his residence in Natomas as she was living with her parents nearby.  "B.H." told Warren that she was 16 and that she wanted to run away.  "B.H." indicated that she thought Warren was a pimp and she wanted to work for him. Several days later "B.H." did in fact leave with Warren. Warren took sexually explicit photos of "B.H." and posted them to the Honduran online service Myredbook.com to use her as a prostitute.

In December, 2009, Warren, took "B.H." from Sacramento, California to Salida, California so that she could prostitute.  Warren and "B.H." were accompanied by Boyd (a relative of Warren's) and Evon (one of Warren's girlfriends). Boyd and Evon knew that "B.H." was prostituting as they had to wait with Warren for several hours at a local restaurant while "B.H." had her assignation in the hotel room they all shared.  On December 6, 2009, Warren, Boyd, and Evon took "B.H." from Sacramento, California to Reno, Nevada, to prostitute. Boyd went as support and backup for Warren; Warren paid for Boyd's hotel bill, food, and provided him with gambling money so that he would go on the trip.  As a result of online postings by Warren, "B.H." did, in fact, commit acts of prostitution while in Nevada. Warren, Boyd, Evon, and "B.H." returned to Sacramento on December 8, 2009.