

FILED

JUN 27 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

1  BENJAMIN B. WAGNER
   United States Attorney
2  CAROLYN K. DELANEY
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2798

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. S. 10-424 WBS |
| Plaintiff, | ) | |
| v. | ) | |
| ASHLEY EVON, | ) | PLEA AGREEMENT |
| Defendant. | ) | |

## I.

## INTRODUCTION

**A.  Scope of Agreement:**  The Superseding Information charges the defendant with Misprision of a Felony in violation of Title 18 U.S.C. § 4. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.  Court Not a Party:**  The Court is not a party to this Plea

Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this Plea Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Plea:** The defendant will plead guilty to the sole count of the Superseding Indictment, a violation of 18 U.S.C. § 4. The defendant agrees that she is in fact guilty of this charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**1. Waiver of Indictment:** The defendant agrees that at the entry of plea proceeding she will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

**B. Restitution:** The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. The defendant agrees that the Court may order full restitution to any person who would qualify as a victim of the following offenses under 18 U.S.C. § 3663 or 3663A had the defendant been convicted of

such an offense: 18 U.S.C. § 1591(a)(1) or 18 U.S.C. § 2423(a). The defendant further agrees that she will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**C. Special Assessment:** The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the government if she fails to pay the assessment prior to that hearing.

**D. Agreement to Cooperate:** The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this plea agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

1    If the defendant commits any crimes or if any of the
2  defendant's statements or testimony prove to be knowingly false,
3  misleading, or materially incomplete, or if the defendant otherwise
4  violates this plea agreement in any way, the government will no
5  longer be bound by its representations to the defendant concerning
6  the limits on criminal prosecution and sentencing as set forth
7  herein.   The determination whether the defendant has violated the
8  plea agreement will be under a probable cause standard.   If the
9  defendant violates the plea agreement, she shall thereafter be
10  subject to prosecution for any federal criminal violation of which
11  the government has knowledge, including but not limited to perjury,
12  false statements, and obstruction of justice.   Because disclosures
13  pursuant to this plea agreement will constitute a waiver of the
14  Fifth Amendment privilege against compulsory self-incrimination, any
15  such prosecution may be premised on statements and/or information
16  provided by the defendant.   Moreover, any prosecutions that are not
17  time-barred by the applicable statute of limitations as of the date
18  of this plea agreement may be commenced in accordance with this
19  paragraph, notwithstanding the expiration of the statute of
20  limitations between the signing of this plea agreement and the
21  commencement of any such prosecutions.   The defendant agrees to
22  waive all defenses based on the statute of limitations or delay of
23  prosecution with respect to any prosecutions that are not time-
24  barred as of the date of this plea agreement.

25    If it is determined that the defendant has violated any
26  provision of this plea agreement or if the defendant successfully
27  moves to withdraw her plea:   (1) all statements made by the
28  defendant to the government or other designated law enforcement

Draft 6/17/11                          4

1  agents, or any testimony given by the defendant before a grand jury
2  or other tribunal, whether before or after this plea agreement,
3  shall be admissible in evidence in any criminal, civil, or
4  administrative proceedings hereafter brought against the defendant;
5  and (2) the defendant shall assert no claim under the United States
6  Constitution, any statute, Rule 11(f) of the Federal Rules of
7  Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or
8  any other federal rule, that statements made by the defendant before
9  or after this plea agreement, or any leads derived therefrom, should
10 be suppressed.  By signing this plea agreement, the defendant waives
11 any and all rights in the foregoing respects.

12                              **III.**

13                   **THE GOVERNMENT'S OBLIGATIONS**

14    **A.  Dismissals:**  The government agrees to move, at the time of
15 sentencing, to dismiss without prejudice the pending Indictments.
16 The government also agrees not to reinstate any dismissed count
17 except as provided in Parts II.E and VII.B of this Plea Agreement.

18    **B.  Recommendations:**

19         **1.  Acceptance of Responsibility:** If the United States
20 Probation Office determines that a three-level reduction in
21 defendant's offense level for her full and clear demonstration of
22 acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1,
23 the government will not oppose such a reduction and will so move
24 under §3E1.1(b), so long as the defendant pleads guilty, meets with
25 and assists the probation officer in the preparation of the pre-
26 sentence report, is truthful and candid with the probation officer,
27 and does not otherwise engage in conduct that constitutes
28 obstruction of justice within the meaning of U.S.S.G § 3C1.1, either

Draft 6/17/11                            5

in the preparation of the pre-sentence report or during the
sentencing proceeding.

**2. Reduction of Sentence for Cooperation:** The government
agrees to recommend at the time of sentencing that the defendant's
sentence of imprisonment be reduced by up to 50% of the applicable
guideline sentence if she provides substantial assistance to the
government, pursuant to U.S.S.G. § 5K1.1. The defendant understands
that she must comply with paragraph II. D. above. The defendant
understands that it is within the sole and exclusive discretion of
the government to determine whether the defendant has provided
substantial assistance. The defendant understands that the
government may recommend a reduction in her sentence of less than
50% or no reduction at all, depending upon the level of assistance
the government determines that the defendant has provided. If the
government's recommended reduction pursuant to § 5K1.1 is for a
sentence below the statutory mandatory minimum, the government will
also move the Court for a reduction below that minimum term,
pursuant to 18 U.S.C. § 3553(e). The defendant further understands
that a motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation
and is not binding on the Court, that this plea agreement confers no
right upon the defendant to require that the government make a §
5K1.1 motion, and that this plea agreement confers no remedy upon
the defendant in the event that the government declines to make a §
5K1.1 motion. In particular, the defendant agrees not to try to
file a motion to withdraw her plea based on the fact that the
government decides not to recommend a sentence reduction or
recommends a sentence reduction less than the defendant thinks is
appropriate.

If the government determines that the defendant has provided further cooperation within one year following her sentencing, the government may move for a further reduction of her sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

**C. Limitation on Use of Information for Sentencing:** Other than as set forth above, the government agrees that any incriminating information provided by the defendant during her cooperation will not be used in determining the applicable guideline range, pursuant to U.S.S.G. § 1B1.8.

## IV.

### ELEMENTS OF THE OFFENSE

**A. Elements of the Offense:** At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty,

    1.    The defendant had actual knowledge of a felony cognizable to a Court of the United States, to wit the Interstate Transportation of an Individual under the Age of 18 with Intent to Engage in Criminal Sexual Activity; and

    2.    The defendant concealed and did not as soon as possible make known the same to a judge or other person in the civil or military authority under the United States.

## V.

### MAXIMUM SENTENCE

**A. Maximum Penalty:** The maximum sentence that the Court can impose is 3 years in prison, a fine of $250,000, a 1 year period of supervised release, and a special assessment of $100.

1    **B.    Restitution:** By signing this Plea Agreement, the defendant
2    also agrees that the Court can order the payment of restitution for
3    the full loss caused by the defendant's wrongful conduct.  The
4    defendant agrees that the restitution order is <u>not</u> restricted to the
5    amounts alleged in the specific counts to which the defendant is
6    pleading guilty.  The defendant further agrees that she will not
7    attempt to discharge in any present or future bankruptcy proceeding
8    any restitution imposed by the Court.

9    **C.    Violations of Supervised Release:** The defendant understands
10   that if she violates a condition of supervised release at any time
11   during the term of supervised release, the Court may revoke the term
12   of supervised release and require the defendant to serve up to 1
13   additional year of imprisonment.

14                               **VI.**

15                       **SENTENCING DETERMINATION**

16   **A.    Statutory Authority:**  The defendant understands that the
17   Court must consult the Federal Sentencing Guidelines (as promulgated
18   by the Sentencing Commission pursuant to the Sentencing Reform Act
19   of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as
20   modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>,
21   543 U.S. 220 (VI), 125 S.Ct. 738 (2005)) and must take them into
22   account when determining a final sentence.  The defendant
23   understands that the Court will determine a non-binding and advisory
24   guideline sentencing range for this case pursuant to the Sentencing
25   Guidelines.  The defendant further understands that the Court will
26   consider whether there is a basis for departure from the guideline
27   sentencing range (either above or below the guideline sentencing
28   range) because there exists an aggravating or mitigating

circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**VII.**

**WAIVERS**

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty she is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on her behalf; (e) to confront and cross-examine witnesses against her; and (f) not to be compelled to incriminate herself.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives her a right to appeal her conviction and sentence. She agrees as part of her plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case.

Regardless of the sentence she receives, the defendant also gives up any right she may have to bring a post-appeal attack on her conviction or her sentence. She specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking her conviction or sentence.

Notwithstanding the agreement in part III.A above that the government will move to dismiss counts against the defendant, if the

defendant ever attempts to vacate her plea, dismiss the underlying charges, or reduce or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this Plea Agreement; and (3) to file any new charges that would otherwise be barred by this Plea Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision. In particular, she agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

**C. Waiver of Attorneys' Fees and Costs:** The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement and any charges previously dismissed).

**VIII.**

**ENTIRE PLEA AGREEMENT**

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant

1  exists, nor will such agreement, understanding, promise, or
2  condition exist unless it is committed to writing and signed by the
3  defendant, counsel for the defendant, and counsel for the United
4  States.

## IX.

## APPROVALS AND SIGNATURES

7  **A.  Defense Counsel:**  I have read this Plea Agreement and have
8  discussed it fully with my client.  The Plea Agreement accurately
9  and completely sets forth the entirety of the agreement.  I concur
10  in my client's decision to plead guilty as set forth in this Plea
11  Agreement.

13  DATED:    6/20/11                    _____
                                        Candace Fry
14                                      Attorney for Defendant

15  **B.  Defendant:**  I have read this Plea Agreement and carefully
16  reviewed every part of it with my attorney.  I understand it, and I
17  voluntarily agree to it.  Further, I have consulted with my attorney
18  and fully understand my rights with respect to the provisions of the
19  Sentencing Guidelines that may apply to my case.  No other promises
20  or inducements have been made to me, other than those contained in
21  this Plea Agreement.  In addition, no one has threatened or forced
22  me in any way to enter into this Plea Agreement.  Finally, I am
23  satisfied with the representation of my attorney in this case.

25  DATED:   6/20/11                     _____
                                        Ashley Evon, Defendant

27  **C.  Attorney for United States:**  I accept and agree to this
    ///

1 | Plea Agreement on behalf of the government.

2 | DATED: _____6/27/11_____          BENJAMIN B. WAGNER
                                     United States Attorney

3 |

4 |                              By: _Carol K. Dela_

5 |                                  CAROLYN K. DELANEY
                                     Assistant U.S. Attorney

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**EXHIBIT "A"**

**Factual Basis for Plea**

3

4        In December, 2009, defendant Ashley Evon was dating co-
defendant Jamal Warren, and was pregnant with his child.  She became
aware that Warren was prostituting a girl, known as "B.H." .  On
5    December 6, 2009, Warren, Boyd (a relative of Warren's) and Evon
took "B.H." ~~to~~ from Sacramento, California to Reno, Nevada so that
6    she could prostitute.  "B.H." did, in fact, commit acts of
prostitution while in Nevada.  Warren, Boyd, Evon, and "B.H."
7    returned to Sacramento on December 8, 2009.  While Evon was aware of
Warren prostituting "B.H.," Evon  made no effort to report the
8    situation to anyone in civil or military authority. "B.H." was 16
years old in December of 2009.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Draft 6/17/11                        13